IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-CR-00139-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RENEE CORKRAN,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on May 16, 2018. The court has taken judicial notice of the court's file and the pretrial services report. Moreover, the court has considered the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the Defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. I have also considered the proffers submitted by the government and defense counsel and the arguments of counsel. Weighing the

statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment as follows:

Count 1: Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846;

Counts 4, 6, and 7: Distribution and Possession with the Intent to Distribute 50 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

Second, I find probable cause exists that the defendant committed the above listed crimes based upon the Indictment.

Third, I find that defendant resides with her boyfriend Nick McCarter, who is a co-defendant in this case. Mr. McCarter is at large. Defendant has two children from two different fathers. As to one of her children her parental rights have been terminated. As to the second child, the biological father has full custody of that child. Defendant has worked part-time for SNI Staffing. However, Colorado Department of Labor records show no earnings for defendant since 2017 -2nd quarter. Defendant has no assets. Defendant is currently pregnant and does suffer from back problems. Defendant was diagnosed with Bi-Polar Disorder approximately three to four years ago and was prescribed psycho tropic medications according to defendant's mother. Defendant was previously hospitalized for an emotional problem as well as for one suicide attempt according to defendant's mother. Defendant currently uses alcohol and marijuana. Defendant has also used methamphetamine in the past. Defendant's mother indicated that defendant has used methamphetamine since her mid- 20s. Defendant's Colorado driver's licence is revoked. Defendant has used at least one alias name and one alias date of birth in the past.

Fourth, I find that defendant has suffered 10 prior failures to appear; one prior failure to pay; and eight prior failures to comply all resulting in warrants being issued. Defendant has had her probation revoked on four occasions in the past. Defendant has suffered convictions for Driving Without a Driver's License; DUR [three separate

convictions]; Reckless Endangerment; DWAI; Possession of Drug Paraphernalia; Child Abuse -Knowingly/Recklessly- No Injury; Driving After Revocation Prohibited; and Theft Less Than $50. That based upon the charges brought in the Indictment the rebuttable presumption of detention applies pursuant to 18 U.S.C. § 3142(e)(3) and (f) and the defendant has not rebutted that presumption.

In light of these facts, I find, by a preponderance of the evidence, that defendant is a flight risk and that no condition or combination of conditions of release will reasonably assure her presence in court. Accordingly, I order that the defendant be detained without bond.

Done this 16th day of May, 2018.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge